**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DERRICK DARNELL PAYNE**                                            **PETITIONER**

**v.**                             **No. 3:05CV81-D-B**

**SHERIFF KENNY DICKERSON, ET AL.**                              **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the June 29, 2005, *pro se* petition of Derrick Darnell Payne, county prisoner, for a writ of *habeas corpus* under 28 U.S.C. § 2254. He has been charged with armed robbery, aggravated assault, and being a felon in possession of a firearm. The petitioner claims various violations of his constitutional rights during his arrest, as well as violations regarding the statement he gave police, his motion for a hearing on bond, and a delay in a state court's order for a new trial. The petitioner states in the instant petition that he has not exhausted available remedies in state court.

### Exhaustion of State Remedies

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Prior to bringing a *habeas corpus* claim into federal court, a petitioner must have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19).

The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

The petitioner in this case admits that he has not exhausted any of his claims in state court. As such, they shall be dismissed without prejudice in this court. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE